947 F.2d 941
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Joseph J. MILES, Plaintiff-Appellant,
v.
STONE CONTAINER CORPORATION, Defendant-Appellee.
 No. 90-3187.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 4, 1991.
Decided Nov. 8, 1991.
As Amended Nov. 25, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, District Judge. (CA-90-109-R)
 Argued: John Bertram Mann, Levit & Mann, Richmond, Va., for appellant.
 Marguerite Rice Ruby, Hunton & Williams, Richmond, Va., for appellee.
 On Brief: Paul M. Thompson, Hunton & Williams, Richmond, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Joseph Miles, who is black, sued his employer, Stone Container Corporation, contending that Stone Container demoted him from his salaried job as a printing supervisor to an hourly-wage position as a machine operator by reason of his race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) (1988). In what is essentially a factual controversy between Miles and Stone Container, the district court took evidence, evaluated the witnesses and reviewed the documents, and concluded that race was not a factor in Stone Container's decision to demote Miles. These factual findings are governed by a clearly erroneous standard even if they resolve ultimate issues of liability such as discrimination or discriminatory intent. See Dwyer v. Smith, 867 F.2d 184, 187 (4th Cir.1989). We of course review errors of law as to the controlling legal standard de novo.
 
 
 2
 At trial Stone Container offered evidence that it reorganized and adopted a new management style for its business in response to profitability, production efficiency and employee-management relations problems. Supervisors, including Miles, were instructed about the importance of involving employees in problem-solving and of improving communications with members of operating crews. Increased emphasis was placed on the supervisors' role in insuring proper equipment maintenance, good housekeeping, and product quality. Operational changes were also adopted, including the holding of regular meetings to monitor changes in the management approach.
 
 
 3
 In carrying out the new management style, Stone Container's management observed serious deficiencies in Miles' adjustment to and implementation of the new corporate plan and attempted, without success, to counsel him. When no improvement was observed, Miles' bonus was reduced and his position put in jeopardy. Problems persisted and Stone Container ultimately determined that Miles should be relieved of his supervisory position. Rather than discharge him, Stone Container made arrangements with the union to make a position available for him as a machine operator, because he was a good machine operator.
 
 
 4
 Miles contends that Stone Container all along wanted a "plantation system" where its hourly workers were black and its supervisory work force was white. He pointed to statistics that showed a disparity between the percentage of blacks in the hourly work force and the percentage in the salaried work force. He also offered evidence that a white supervisor, Al Davis, who had a similarly average rating was not demoted. Finally, Miles offered evidence that the employee who replaced him was white.
 
 
 5
 Stone Container offered numerous explanations for each of the matters presented by Miles, which if believed, would justify the actions taken by Stone Container on their merits and without regard to race. Among the many facts taken into consideration by the district court, Stone Container demonstrated that it had offered supervisory positions to numerous blacks who had turned them down. It also showed that Davis, who was rated substantially the same as Miles, actually responded to counseling whereas Miles had not.
 
 
 6
 After considering all of the evidence, the district court concluded that Stone Container had articulated a legitimate non-racially based business reason for demoting Miles, that being his inadequate performance as a printing supervisor. The court also concluded that Miles had not demonstrated by a preponderance of the evidence that this reason was a pretext for racial discrimination. In addition, the court found that the statistics presented on the record were not, standing alone, sufficiently probative of intent to support a finding of disparate treatment.
 
 
 7
 We have carefully reviewed the record and considered the briefs and arguments of counsel. We cannot and do not conclude that the judge's factual determinations were clearly erroneous. Stone Container provided evidence which, if believed by the district court, supports a conclusion that Miles' performance as supervisor was, indeed, inadequate.
 
 
 8
 Accordingly, the judgment of the district court is hereby
 
 
 9
 AFFIRMED.